IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACOB UNDERWOOD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLEAN PLATE HOSPITALITY LLC, ) <br> *d/b/a* REEL SEAFOOD, and ) <br> DAVID SILVERMAN, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br><br> _____ |

## COMPLAINT

Plaintiff JACOB UNDERWOOD ("PLAINTIFF") hereby states a claim for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") for unpaid overtime compensation on the grounds stated below.

### *Jurisdiction and Venue*

1. The Court has subject-matter jurisdiction over this action pursuant to (a) 28 U.S.C. § 1331 because PLAINTIFF's claim for unpaid overtime arises under the laws of the United States, and (b) 29 U.S.C. § 216(b) which allows actions arising under the FLSA to be maintained in any federal court of competent jurisdiction.

2. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claim at issue occurred in this judicial district.

## *The Parties*

3. At all relevant times, PLAINTIFF was a resident of Woodstock, Cherokee County, Georgia.

4. At all relevant times, Defendant CLEAN PLATE HOSPITALITY LLC, *d/b/a* REEL SEAFOOD ("DEFENDANT CLEAN PLATE") was a Georgia corporation doing business in the Northern District of Georgia, Atlanta Division, with its principal office address located at 8670 Main St., Suite 1, Woodstock, GA 30188.

5. DEFENDANT CLEAN PLATE is subject to the personal jurisdiction of this Court.

6. DEFENDANT CLEAN PLATE can be served with process through its registered agent: David Silverman, 1408 Coventry Ct., Woodstock, GA 30189.

7. At all relevant times, Defendant DAVID SILVERMAN ("DEFENDANT SILVERMAN"), was an individual residing in Cherokee County, Georgia, doing business in the Northern District of Georgia, Atlanta Division.

8. DEFENDANT SILVERMAN is subject to the personal jurisdiction of this Court.

## *Grounds for this Action*

9. PLAINTIFF is a former employee of DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN.

10. PLAINTIFF was employed by DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN from on or about 2014 to on or about December 2021.

11. DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN compensated PLAINTIFF at an hourly rate of pay for all hours worked in a workweek.

12. PLAINTIFF was employed as a sous chef, whose primary job duties did not involve the exercise of independent judgment.

13. At various times, PLAINTIFF worked more than 40 hours in a workweek during his employment by DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN.

14. DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN did not pay PLAINTIFF all the overtime compensation properly due for work performed in excess of 40 hours in a workweek.

15. DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN were aware of the extra hours PLAINTIFF worked in excess of 40 hours in a workweek.

16. PLAINTIFF was an "employee" of DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN within the meaning of 29 U.S.C. § 203(e)(1).

17. During PLAINTIFF's employment, DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN were an "employer" within the meaning of 29 U.S.C. § 203(d).

18. During PLAINTIFF's employment, DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN were not exempt from the overtime obligations for an "employer" under 29 U.S.C. § 207(a).

19. During each year of PLAINTIFF's employment, DEFENDANT CLEAN PLATE had an annual gross volume of sales made that was more than $500,000.

20. During each year of PLAINTIFF's employment, DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN had employees engaged in commerce within the meaning of the FLSA—who participated in the movement of persons or things in interstate commerce by regularly using the instrumentalities of interstate commerce in their work, such as the telephone, internet, and U.S. Mail, for interstate communications.

21. During each year of PLAINTIFF's employment, DEFENDANT CLEAN PLATE was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

22. As an employee of DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN, PLAINTIFF engaged in commerce within the meaning of the FLSA by participating in the movement of persons or things in interstate commerce by regularly using the instrumentalities of interstate commerce in his work, such as the telephone, internet, and U.S. Mail, for interstate communication.

23. As an employee of DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN, PLAINTIFF was engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA.

24. During PLAINTIFF's employment, PLAINTIFF was covered by 29 U.S.C. § 207(a).

25. At all relevant times, DEFENDANT SILVERMAN was the sole owner of DEFENDANT CLEAN PLATE.

26. At all relevant times, DEFENDANT SILVERMAN was the principal officer and operator of DEFENDANT CLEAN PLATE.

27. Throughout PLAINTIFF's employment, DEFENDANT SILVERMAN asserted control of and was actively involved in DEFENDANT CLEAN PLATE's day-to-day operations at the location where PLAINTIFF worked, had direct responsibility for the supervision of PLAINTIFF, and

participated in the decision not to pay PLAINTIFF proper overtime compensation.

## *Count 1*
### **29 U.S.C. § 207(a)**
### (***Unpaid Overtime Compensation***)

28. PLAINTIFF re-alleges and adopts Paragraphs 1-27 above and incorporates them by reference herein.

29. By engaging in the conduct alleged above in Paragraphs 10-15, DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN violated the FLSA with respect to PLAINTIFF by not paying all the overtime compensation properly due for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216.

30. By engaging in the conduct alleged above in Paragraphs 10-15, DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN willfully—*i.e.*, voluntarily, deliberately, intentionally, and with reckless disregard—violated the FLSA with respect to PLAINTIFF, all in violation of 29 U.S.C. § 255.

31. As a direct and proximate result of the conduct of DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN alleged above in Paragraphs 10-15, PLAINTIFF was not paid all overtime compensation properly due him as required by the FLSA.

32. The conduct of DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN giving rise to this action was not in good faith and not based on any reasonable grounds for believing such conduct did not violate the FLSA.

33. As a direct and proximate result of the conduct of DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN alleged above in Paragraphs 10-15, PLAINTIFF is entitled to recover unpaid overtime compensation and an additional equal amount as liquidated damages, post-judgment interest, in addition to reasonable attorney's fees and costs of this action, all through the date of entry of a final non-appealable judgment, pursuant to 29 U.S.C. § 216(b), and all in an amount to be determined as specified by law.

## ***PRAYER FOR RELIEF***

WHEREFORE, plaintiff JACOB UNDERWOOD respectfully prays that this Court enter judgment in his favor and against DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN for:

A. All amounts of unpaid overtime compensation that PLAINTIFF would have received but for the unlawful conduct of DEFENDANT CLEAN PLATE and DEFENDANT SILVERMAN, pursuant to 29 U.S.C. § 216(b).

B. An additional equal amount of all unpaid overtime compensation as liquidated damages, pursuant to 29 U.S.C. § 216(b).

    C.    All reasonable attorney's fees and costs of the action through entry of a final non-appealable judgment, pursuant to the FLSA, including all reasonable attorney's fees and costs for:

    (1)    the time spent plus costs reasonably incurred throughout this action relating to the claims of PLAINTIFF under the FLSA;

    (2)    The time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the claims of PLAINTIFF under the FLSA, whether in connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

    (3)    The time spent litigating the fairness and reasonableness of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58, pursuant to and as required by *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), and

    (4)    The time spent explaining to PLAINITFF any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

    D.    Post-judgment interest on all amounts awarded pursuant to the FLSA, including lost compensation, liquidated damages, and litigation

expenses including attorney's fees, costs, and costs of investigation and litigation of this action, as authorized by law.

E.     All such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a jury trial on all issues triable of right by a jury.**

Respectfully submitted,

**/s/ *Alan H. Garber***
ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
MARC N. GARBER
Georgia Bar No. 283847
mngarber@garberlaw.net
THE GARBER LAW FIRM, PC
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
(678) 560-6685
(678) 560-5067 (facsimile)

***Attorneys for Plaintiff***